1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   EID AWIMER,                          )   Case No.: 1:15-cv-69 GEB-GSA
                                          )
12            Plaintiff,                  )
                                          )
13       v.                               )   **FINDINGS AND RECOMMENDATION RE:**
                                          )   **DEFENDANT'S MOTION TO DISMISS**
14                                        )
15   TURK HAVA YOLLARI, A.O.,             )   (Doc. 5)
     (*Erroneously sued as Turkish Airlines Inc*.,)  )
16                                        )
              Defendant.                  )
17                                        )
                                          )
18   _____ )

19                         **INTRODUCTION**

20            Pending before the Court is Defendant, Turk Hava Yollari, A.O.'s (erroneously sued as

21   Turkish Airlines, Inc.) Motion to Dismiss.  (Doc. 5.)  Plaintiff, Eid Awimer ("Plaintiff") is appearing

22   pro se, and filed an Opposition. (Doc. 9). Defendant filed a Reply.  (Doc. 13.)  This case was referred

23   to the undersigned for Findings and Recommendation pursuant to Local Rule 302(c)(21).  Having

24   considered all of the parties' briefing, the Court recommends that Defendant's Motion to Dismiss be

25   GRANTED.

26

27   ///

28

## FACTUAL AND PROCEDURAL BACKGROUND

### A.  Procedural History and Plaintiff's Allegations

Plaintiff filed this action in the Fresno Superior Court on December 15, 2014.  (Doc. 1, pg. 9 –

17).  Defendant removed this case on January 14, 2015. (Doc. 1). This action arises from the loss of

Plaintiff's checked baggage on an international flight from Los Angeles, California to Amman, Jordan

in May 2012.  According to the Complaint, Plaintiff and his family traveled on this flight but two of

his bags containing valuable contents that he checked at the Los Angeles Airport never arrived in

Amman, Jordon as required. (Doc. 1, pg. 13).  Plaintiff contends that the bags were subsequently

checked out at the Istanbul airport, but the airline continues to blame him for the lost luggage. *Id*.

Plaintiff filed a claim with the airline and the Defendant issued checks to him in September 2014 to

settle the dispute.  However, Plaintiff rejected the checks because the amount, Plaintiff claimed, was

insufficient to cover the amount of his damages. *Id*.

Plaintiff's Complaint alleges state law claims for breach of contract, conversion, negligence,

fraud and deceit by intentional conversion, and intentional infliction of emotional distress. (Doc. 1,

pgs. 13 – 17).  He seeks general; special and punitive damages according to proof; interest; attorney's

fees; and further relief the Court may deem proper. (Doc. 1, pgs. 16-17).

### B.  The Parties' Positions

Defendant filed the instant Motion to Dismiss on the basis that Plaintiff's state law claims are

preempted under the Convention for the Unification of Certain Rules for International Carriage by Air

1999 WL 33292734 (May 28, 1999) (the "Montreal Convention" or "Convention").  (Doc. 5).

Defendant also argues the Complaint should be dismissed with prejudice because Plaintiff failed to file

the action within the two-year statute of limitations outlined in the Convention. (Docs. 5 & 13).

Although not entirely clear, Plaintiff appears to argue that courts have permitted recovery for

financial injuries and inconvenience under the Montreal Convention.  Moreover, Plaintiff contends

that the airline only sent him checks to resolve this issue in September 2014. He argues that this

negotiation process should act to toll the statute of limitations.  (Doc. 9, pgs. 1-2).

### DISCUSSION

A.  **Rule 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a

claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts

sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007); see Fed. R. Civ. P. 12(b)(6).  A dismissal for failure to state a claim is brought under

Federal Rule of Civil Procedure Rule 12(b)(6) and may be based on the lack of a cognizable legal

theory or on the absence of sufficient facts alleged under a cognizable legal theory.  *Johnson v.*

*Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

When the court reviews a complaint under Rule 12(b)(6), all of the complaint's material

allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-

moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008), *cert. denied*, 556

U.S. 1235 (2009); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999).  However, the court need

not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or

matters properly subject to judicial notice, unwarranted deductions of fact, or unreasonable inferences.

*Daniels-Hall v. National Educ. Ass'n*., 629 F.3d 992, 998 (9th Cir. 2010). Although they may provide

the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  Plausibility requires

pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a

cause of action," *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, and must rise above the mere

conceivability or possibility of unlawful conduct that entitles the pleader to relief, *Iqbal*, 556 U.S. at 678–79, 129 S.Ct. 1937.

The Court notes that the pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*). Accordingly, *pro se* pleadings are construed liberally, with plaintiffs afforded the benefit of any doubt. *Id.*

**B. The Montreal Convention**

*1. Preemption of State Law Claims*

The rights of airline passengers on international flights are governed by the Montreal Convention. Article 1 of the Montreal Convention states : "[t]his Convention applies to all international carriage of persons, baggage or cargo performed by aircraft for reward." *See*, Montreal Convention Art. 1, ¶ 1. Article 17 provides for loss of baggage. Specifically, Art. 17, ¶ 2 states as follows :

> The carrier is liable for damage sustained in case of destruction or loss of, or of damage to, checked baggage upon condition only that the event which caused the destruction, loss or damage took place on board the aircraft or during any period within which the checked baggage was in the charge of the carrier.
> Art. 17 ¶ 2.

Plaintiff has argued that his claims are not pre-empted and has cited several cases for the premise that he is entitled to pursue his state law claims to collect economic damages for physical and financial injuries. (Doc. Doc. 9, pgs. 3-4). However, the Court finds Plaintiff's arguments unpersuasive.

The Ninth Circuit has ruled that the Montreal Convention governs "all international carriage of persons, baggage, or cargo performed by aircraft for reward," and provides the exclusive remedy for international passengers seeking damages against airline carriers. *Narayanan v. British Airways*, 747 F. 3d 1125, 1127 (9th Cir. 2014). Moreover, Courts have consistently upheld the exclusivity of the

Montreal Convention. *Fadhliah v. Societe Air France*, 987 F. Supp. 2d 1057 (C.D. Cal. 2013) (granting motion to dismiss state law claims); *Carey v. United Airlines*, 255 F. 3d 1044, 1049 (9th Cir. 2001) (holding the Warsaw Convention (which is the predecessor to the Montreal Convention) is pre-emptive of state law claims … noting that "the Warsaw Convention's [purpose] is to achieve uniformity of rules governing claims arising from international air transportation")[1]; *Wysotski v. Air Canada*, 2006 WL 581093 (N.D. Cal., March 6, 2006) (pre-empting state-law claims for negligence, negligent infliction of emotional distress, and fraud arising from the airline's loss of plaintiff's cat during international travel); *Cruz v. Am. Airlines*, 193 F. 3d 526, 531-532 (D.C. Cir. 1999) (Plaintiffs who alleged the airline lost their luggage were not permitted to plead a separate claim for wrongfully denying lost luggage claim); *El Al Isreal Airlines, Ltd., v. Tseng*, 525 U.S. 155 (1999) (explaining that Article 24 of the Warsaw Convention precludes a passenger from asserting any air transit personal injury claims under local law.)

Here, Plaintiff's state-law claims for breach of contract, conversion, negligence, fraud and deceit by intentional conversion, and intentional infliction of emotional distress all arise from his lost luggage which can only be asserted under the Montreal Convention.  Given the above, Plaintiff's complaint fails to state a claim.  Moreover, Plaintiff is unable to amend his complaint because his claims are time barred.

### 2.  *Plaintiff's Claim is Barred by the Statute of Limitations*

Article 35(1) of the Convention requires that a claim for damages under the Convention be filed within two years of the date upon which the aircraft arrived, or ought to have arrived, at its destination.

---

[1] The Montreal Convention "was the product of a United Nations effort to reform the Warsaw Convention 'so as to harmonize the hodgepodge of supplementary amendments and intercarrier agreements of which the Warsaw Convention system of liability consists.'" *Sompo Japan Insurance, Inc. v. Nippon Cargo Airlines Co.*, Ltd., 522 F.3d 776, 780 (7th Cir.2008)

*See*, Montreal Convention Art. 35(1).  This two-year period acts as a condition precedent to suit, and an action not brought within this period must be dismissed.  *See, Narayanan,* 747 F.3d at 1125 (affirming dismissal of Complaint by District Court after expiration of two-year statute of limitations); *Duay v. Cont'l Airlines, Inc.*, 2010 WL 5342824 (S.D. Tex. Dec. 21, 2010) (dismissing claim brought after the expiration of the two-year period proscribed by Article 35); *Gustafson v. Am. Airlines, Inc.*, 658 F. Supp. 2d 276, 288 (D. Mass. 2009) (same); *Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138, 143 (2d Cir. 1998) (same). The two-year condition precedent has been strictly construed and does not allow for tolling. *See Narayanian*, 747 F. 3d at 1132; *Duay*, 2010 WL 5342824, at *6; *Fishman*, 132 F.3d at 143-145.

Plaintiff's Complaint alleges that he arrived at his destination in May 2012. (Doc. 1, pg. 13, line 7-17). In order for Plaintiff to comply with Article 35 and timely bring an action against the airline, Plaintiff was required to file his action in May 2014. Because Plaintiff did not file this action until December 15, 2014, his claims are time-barred and must be dismissed.  *Narayanian*, 747 F. 3d at 1132; *Duay*, 2010 WL 5342824, at *6; *Fishman*, 132 F.3d at 143-145.

## **RECOMMENDATION**

For the foregoing reasons, IT IS HEREBY RECOEMMENDED that Defendant's Motion to Dismiss be GRANTED without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B).  Within fourteen (14) days of service of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file

objections within the specified time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F. 3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

    Dated:   **October 9, 2015**                          **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE