Eid Awimer
1254 N. Abby
Fresno, CA 93703




# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA – FRESNO

| | |
|---|---|
| Eid Awimer ) | 1:15-cv-00069-GEB-GSA |
| ) | |
| Plaintiff, ) | **PLAINTIFF OBJECTION TO** |
| VS. ) | **F&R** |
| TURKISH AIRLINES INC. ) | |
| ) | |
| Defendant ) | |

- 1 -
**PLAINTIFF OBJECTION TO F&R**

Defendant moved to dismiss this case based on 2 years statute of limitation. Well Defendant failed to settle this claim according to the Montreal Convention. On September 23, 2014 Defendant issued 4 checks to Plaintiff and Plaintiff Family. More than two years from the date of arrival. Defendant did not comply with the MONTREAL CONVESTION and of course it is asking now from Plaintiff to comply and requests that the case be dismissed. On September 11 Defendant requested that Plaintiff sign a release. If Defendant did not comply with the Montreal Convention the court should not allow it to ask Plaintiff to comply by it. Defendant forced Plaintiff to miss the two years statute of limitation by dragging the settlement negations past the two years. The proof was submitted to the court through the checks that was issued to Plaintiff. Defendant issued the checks on September 2014. Plaintiff arrival date was May 2012. Between the arrival date and the issuing of the checks is more two years. Defendants did not comply with the Montreal Convention.

The Warsaw and Montreal Conventions govern the liability of airlines to passengers on international transportation. The treaties themselves contain no substantive law on the issue of damages, functioning instead (pursuant to Article 29 of the Montreal Convention, which corresponds to the Warsaw Convention's Article 24) as a "pass-through" that authorizes courts to apply domestic law to specify what harms are cognizable and by whom. Under Article 17 of the treaties, if there has been an accident resulting in a passenger's injury, the carrier is liable and the damages are to be determined pursuant to domestic law. Article 29's deference to local damages laws does not, however, necessarily mean that an airline is liable under Article 17 for damages due to emotional injuries.

Defendant state that "PLAINTIFF ACTION IS TIME-BARRED UNDER THE MONTEREAL CONVENTION". Defendant failed to state that its action took the issue beyond the two year. Plaintiff submits copies of the checks which are a set of Defendant Checked issued to Plaintiff on September 23, 2014. What Defendant is requesting that it is ok for it to attempt to solve the issue beyond the two years but it is not ok for Plaintiff to attempt to resolve this issue?

Although "purely emotional damages" such as damages for frustration, anguish, physical or mental upset independent of any physical injury may not be recovered under the Montreal Convention, *see, e.g. Eastern Airlines, Inc. v. Floyd*, 499 U.S. 530 (1991), nevertheless a courts have allowed recovery for physical and financial injuries, and even inconvenience. *Daniel v. Virgin Atl. Airways Ltd*, 59 F. Supp. 2d 986, 992 (N.D. Cal. 1998) (denying recovery for emotional injuries, but permitting

claims for physical injuries and economic damages, including inconvenience); *Ikekpeazu v. Air France*, No. 3:04cv00711 (RNC), 2004 U.S. Dist. LEXIS 24580 4 (D. Conn. Dec. 6, 2004) (recognizing financial injury as a cognizable claim, but not emotional injury). Also, passenger may recover damages for economic loss under the Montreal Convention. See, e.*g.,Ikekpeazu*, 2004 U.S. Dist. LEXIS 24580 at *4; *Lee v. American Airlines, Inc.*, No. 3:01-CV-1179-P, 2002 U.S. Dist. LEXIS 12029 at *13 (N.D. Tex. July 2, 2002), *aff'd*, 355 F.3d 386, 387 (5th Cir. Tex. 2004). Passenger can also recover loss of work damages resulting at financial injury as economic damages. See, *Ikekpeazu*, 2004U.S. Dist. LEXIS 24580 at *4.

## IV
## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

On or about May 2012 Plaintiff and his family embarked on a vacation trip to Amman Jordan. Plaintiff and his wife and two of their kids purchased ticket through Turkish Airline. Upon arrival at Amman Jordan Plaintiff discoved that two of his checked inn package did not make it to Amman Jordan Plaintiff did not find his two bags that he checked inn at Lon Angeles Airport. Plaintiff filed a report with the Airline customer service repetitive at Amman Airport. Turkish Airline representative assured Plaintiff the two bags will arrive at the next arriving flight. The two packages did not arrive on the next arriving flight. Plaintiff started to travel to Amman airport on a daily bases hoping that his two bags will arrive. Not only his kids daily items are in the bags but very valuable items that was purchased for this trip are in the bags. Plaintiff not only traveled to the airport on a daily bases but was calling the airline also on a daily bases. Turkish Airline agents blamed plaintiff and his family for the missing bags. Not only Plaintiff was missing his most valuable items but now he was been blamed for the missing of the bags. Finally plaintiff was informed that his bags were checked out at Istanbul airport. Plaintiff was informed by the airline representative to purchase what is needed and he will be reimbursed once the claim is finalized.

DATED: October 18, 2015

Bid Awimer
In Pro Per

**PLAINTIFF OBJECTION TO F&R**

*EID AWIMER vs. TURKISH AIRLINES 1:15-cv-00069-GSA*
*UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA*

# PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the city of Fresno, California; my business address is 5272 N Blackstone Ave   Fresno CA 93710

On the date below I served a copy, with all exhibits, of the following document(s).

**PLAINTIFF OBJECTION TO DEFENDANT MOTION AND MOTION TO DISMISS**

On all interested parties in said case addressed as follows.

Holland & Knight L.L.P
Shelly G Hurwitz
400 South Hope Street, 8th Floor
Los Angeles, California 90071-2040

   **(BY MAIL)** I am familiar with the business practice for collection and processing mail. The above-described documents(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Fresno CA on this date February 10, 2015. The Sealed envelope was addressed to:

Holland & Knight L.L.P
Shelly G Hurwitz
400 South Hope Street, 8th Floor
Los Angeles, California 90071-2040

February 10, 2015

By _____
Hussein Ali